NO.
 07-10-0187-CV

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
D

 

                                                                  MAY
18, 2010

                                            ______________________________

 

 

                                                    In re DERRICK A. WALKER,

 

                                                                                                            Relator

                                           _______________________________

 

                            Opinion on Original Proceeding
for Writ of Prohibition

                                           _______________________________

 

Before QUINN, C.J., and CAMPBELL and PIRTLE,
JJ.

Pending
before the court is the application of Derrick A. Walker for a writ of
prohibition barring the State from proceeding to adjudicate his guilt in Cause
Nos. 3358 and 3404, 100th Judicial District Court, Hall
County, Texas.  The writ is founded upon
his belief that the proceeding contravenes the restrictions against double
jeopardy.  That is, his having partially
paid a “fine” assessed as a condition for deferring the adjudication of his
guilt and being placed on community supervision bars the State from proceeding
with its motion to adjudicate, the argument goes.  To adjudicate Walker’s guilt and ultimately
levy sentence supposedly exposes him to being punished twice for the same
offense.  We deny the writ.

            Assuming arguendo that Walker complied
with all the requirements of Texas Rule of Appellate Procedure 52, we note that
his argument lacks merit.  Having one’s
adjudication of guilt deferred and being placed on community supervision during
that period is not tantamount to being sentenced and punished.   Gardner v. State, No. 01-01-1226-CR,
2002 Tex. App. Lexis 7464 *3
(Tex. App.–Houston [1st Dist.] October 17, 2002, no pet.) (not
designated for publication); Tackett v.
State, 989 S.W.2d 855, 858-59 (Tex. App.–Houston [14th Dist.]
1999, pet. ref’d). 
Thus, complying with the conditions of his continued probation or
community supervision, which includes the payment of a “fine,” does not mean
that he has completed or been subjected to some aspect of punishment as
contemplated by the Double Jeopardy Clause. 
Gardner v. State, supra.

            The request for a writ of
prohibition is denied.

 

                                                                                    Brian
Quinn

Chief
Justice